## STATE ex BRUDNO v ZANGERLE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11618. Decided Mar 16, 1931

Ezra Brudno; Howell, Roberts & Duncan; and S. J. Kornhauser, all of Cleveland, for Brudno.

Ray T. Miller and E. P. Westenhayer, both of Cleveland, for Zangerle.

SHERICK, PJ, LEMERT & MONTGOMERY, JJ, (5th Dist) sitting.

SHERICK, J.

The plaintiff seeks to enjoin not only the collection of his own taxes and all acts preliminary thereto, but also that of all other taxpayers in the County.

It is apparent that plaintiff seeks to maintain this action by virtue of the provisions contained in §2921 to §2923 GC inclusive. It is clear that this action is not for the purpose of restraining an illegal expenditure or misapplication of any public monies, but is for the sole purpose of restraining the collection of the total general tax duplicate of the County.

We have carefully read and re-read the statutes quoted, and we are unable to find that it is therein provided that a taxpayer may maintain this kind of a suit. It must be again stated that it is not the province of a court to write that in the statute which the legislature saw fit not to do. When a statute is plain and unambiguous as in this instance, its construction is not necessary or proper, and for a court to enlarge its text is equally reprehensible, and finding no statute delegating the right to a taxpayer to sue in such a case, we conclude that he has no such right, and that the plaintiff lacks capacity to institute and maintain this action.

Although seemingly unnecessary, we shall now proceed to consider the second ground of the motion to exclude all testimony.

It may first be stated that substantial equality in tax valuation is all that is anticipated and required, and the fact that certain property is not valued at more than its true value in money and that other property is valued at a less figure, does not in and of itself present such a case that warrants injunctive relief.

There can be no question but that it is definitely settled in this state that an action in equity does not lie to enjoin the collection of a tax as in this case, at least until the remedies provided by statutory law have first been sought and exhausted.

It is provided in §5609 GC that a taxpayer may present his grievance of an excessive or wrongful valuation of his property to the County Auditor within certain time, and have his question considered by the County Board of Revision, and from its finding he may prosecute an appeal by virtue of §5610 to §5611-2 GC inclusive, to the State Tax Commission. This proceeding the plaintiff admits that he has neglected to pursue, and he is unabel to truthfully plead conformity therewith, and having had an adequate remedy at law, this Court, as a Court of Equity, is not disposed to countenance such omission and permit him now to be heard herein.

This Court in the case of **The University Club Company v McBride, Treasurer, 25 Oh Ap 380,** has previously stated the rule herein announced, and therein the case of **Hammond v Winder, 112 Oh St 152** was followed, and it is our view that this last named case is decisive of the law on the question here under consideration.

Our attention has been drawn to the case of **Wagoner v Loomis, 37 Oh St 571,** wherein it is stated in the second and fifth syllabi that:

"2. As a general rule, the decision of officers and tribunals specially created and charged in tax laws, with the duty of valuing property for taxation and equalizing such valuations, are final and conclusive.

"5. A petition for such injunction, which shows that the plaintiff's property was valuel only at eighty percent of its true value in money, while other property in the County was valued at only forty percent of its value, and avers that such valuations were unequal, unjust, and illegal, does not state sufficient evidence."

And what has been said in this case is apropos of the situation now before this Court.

The plaintiff makes the point that the Board of Revision has no power to decide the constitutionality of a case nor can it construe a statute, and for this reason he is not relegated to, and required to exhaust the legal remedy provided by statute. To this we remark that had he pursued his legal remedy and been denied relief, he might then have made proper question in a Court of Equity of the claims that are now advanced.

The fact that one may in a certain case maintain an action for his benefit and of others of a class similarly interested, that under a statute, that is §12075 GC, a taxpayer may in a certain case invoke relief in a Court of Equity, has no application in the present situation, and we content ourselves with the assertion that this action is not one of that class.

Again referring to the case of **Hammond**

v **Winder,** supra, the Court therein made remarks: "Since that time (1919) this Court has twice decided that a taxpayer cannot enjoin an assessment under the provisions of §12075 GC, where he has not employed and pursued statutory remedies given him, if those remedies may afford him adequate and complete relief." And which we hold in this case would afford him the relief sought.

The plaintiff in brief and oral argument in advancing the thought that he is entitled to maintain this action by virtue of §11,257 GC, and §12,075 GC, is changing front. This rather seems to us to be an abandonment of his pleaded right as a taxpayer. But be this as it may, we are of opinion that the plaintiff is not aided thereby, and the rule and reason herein previously announced must control this pleading, and the action of this Court on the motion before it.

It, therefore, follows that the same judgment will be entered in this Court as was entered in the court below. The motion is sustained and the petition dismissed at the costs of the plaintiff. Exceptions are noted and a motion for a new trial, if made, is hereby overruled.

LEMERT and MONTGOMERY, JJ, concur.